IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAMAR HOWARD JEFFRIES, et al.,[1] ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-14-1433-D |
| ) | |
| ERIC FORSYTHE, et al., ) | |
| ) | |
|     Defendant(s). ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner appearing *pro se*, has filed this action under 42 U.S.C. § 1983 alleging various violations of his constitutional rights. United States District Judge Timothy D. DeGiusti, has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C § 636(b)(1)(B). On January 15, 2015, the undersigned entered an order advising the Plaintiff that he must either pay the full filing fee or make application to proceed *in forma pauperis*. The Order directed Plaintiff to cure these deficiencies on or before February 5, 2015. Plaintiff was further advised that failure to comply with the Order could result in dismissal of his action. (ECF No. 6). Plaintiff filed a Motion for Extension of Time (ECF No. 7) requesting additional time to

---

[1] In the Complaint's (ECF No. 1) caption Lamar Howard Jefferies identifies himself as "lead plaintiff" and lists David Barksdale, Demetrias Kelly, Robert Hatcher, Terrance Bigelow and Benjamin Brooks as additional Plaintiffs. He further identifies all Plaintiffs as a "class action." No motion to certify class was filed and the only signature on the Complaint is that of Mr. Jefferies. Although listed in the caption, the Court did not consider David Barksdale, Demetrias Kelly, Robert Hatcher, Terrance Bigelow and Benjamin Brooks as plaintiffs and therefore the matter of the filing fee was only addressed to Lamar Howard Jefferies.

cure the deficiencies detailed in the Court's order. Plaintiff's Motion was granted and the deadline to cure was extended to April 7, 2015. (ECF No. 8).

A review of the court file reveals that the deadline has passed without Plaintiff curing the deficiencies, showing good cause for his failure to do so, or requesting an extension of time to comply with the Court's order. In fact, Plaintiff has not responded to the Court's order in any way. Additionally, the Court's records reflect that mail addressed to Plaintiff has been returned as undeliverable, with a stamp on the envelope advising "inmate not in facility". (ECF No. 9). As of this date Plaintiff has not submitted a notice of change of address to the Clerk of Court. Plaintiff is responsible for notifying the court of any change of address. *See* LCvR 5.4(a). Moreover, "[p]apers sent by the Court will be deemed delivered if sent to the last known address given to the Court." *Id.*

The undersigned finds that Plaintiff's failure to comply with the Court's Order, in light of the Court's right and responsibility to manage its cases, warrants dismissal of this action without prejudice. *See Nasious v. Two Unknown B.I.C.E. Agents at Arapahoe County Justice Center*, 492 F.3d 1158, 1161 n.2, 1162 (10th Cir. 2007) (*sua sponte* dismissal for failure to comply with Court's orders permitted under federal rules, and court need not follow any particular procedures in dismissing actions without prejudice for failure to comply). Also, it is clear from the undeliverable mail that Plaintiff has failed to comply with LCvR 5.4(a), requiring written notification to the Clerk of Court on a form provided by the Clerk of a change in address. Although Plaintiff is a pro se litigant,

he is required to follow the same rules of procedure governing other litigants. *Green v. Dorrell,* 969 F.2d. 915, 917 (10th Cir. 1992).

## RECOMMENDATION

It is therefore recommended that this action be **DISMISSED WITHOUT PREJUDICE** to re-filing. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of Court by **May 11, 2015**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Plaintiff is further advised that any failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

This Report and Recommendation **disposes of all issues** referred to the undersigned magistrate judge in the captioned matter.

**ENTERED** on April 22, 2015.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE