IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LAMAR HOWARD JEFFRIES, *et al.*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-1433-D |
| | ) | |
| ERIC FORSYTHE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff Lamar Howard Jeffries, a state prisoner appearing *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. In accordance with 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to United States Magistrate Judge Shon T. Erwin for initial proceedings. In a Report and Recommendation [Doc. No. 10] issued on April 22, 2015, the Magistrate Judge recommended dismissing the action without prejudice due to Plaintiff's failure to timely pay the full filing fee or make application to proceed *in forma pauperis*, despite having been granted an extension of time within which to do so.[1]

The Magistrate Judge specifically advised Plaintiff of his right to object to the findings and recommendations set forth in the Report and Recommendation. He further advised Plaintiff that failure to timely object would constitute a waiver of their right to appellate review of the factual and legal matters in the Report and Recommendation. Plaintiff's deadline for filing objections was May 11, 2015.

---

[1]As set forth in the Report and Recommendation, although the style of the case reflects multiple plaintiffs, the Magistrate Judge construed the Complaint as brought solely by Plaintiff Jeffries as "no motion to certify class was filed and the only signature on the Complaint is that of Mr. Jeffries." *See* Report and Recommendation at p. 1, footnote 1. In addition, the record reflects that no other individual identified as a plaintiff in the complaint has submitted a filing fee or moved to proceed *in forma pauperis*.

To date, Plaintiff has not filed an objection to the Report and Recommendation or sought an extension of time in which to do so.² Moreover, the Court has reviewed the Report and Recommendation and agrees with the analysis set forth therein.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 10] is ADOPTED and Plaintiff's action is dismissed without prejudice to refiling. A separate judgment of dismissal will be entered herewith.

IT IS SO ORDERED this 22nd day of May, 2015.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

² It appears that Plaintiff's lack of objection may be due to a lack of notice. On May 4, 2015, a copy of the Report mailed to Plaintiff at his address of record was returned as undeliverable. Nonetheless, the Court finds that any failure to receive a copy of the Report does not provide a basis for an exception to the court of appeals' "firm waiver rule" because Plaintiff was responsible for giving notice of any change of address. *See Theede v. United States Dep't of Labor*, 172 F.3d 1262, 1267-68 (10th Cir. 1999) (*pro se* plaintiff who failed to provide any change of address or address correction waived right to review by failing to make a timely objection); *see also* LCvR5.4(a) (requiring written notice of a change of address and further providing that papers sent by the Court are "deemed delivered if sent to the last known address given to the Court").